# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| TROY T. CORNOCK,<br><br>                      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION formerly MBNA America Bank, N.A., by merger; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No: 1:07-CV-391-JL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Eileen Little makes the following Declaration pursuant to 28 U.S.C. §1746:

1. I am the Group Manager of Trans Union LLC's ("Trans Union") Consumer Relations Department in Crum Lynne, PA. I am over the age of 18 and competent to make this Declaration. I am authorized to make this Declaration on Trans Union's behalf.

2. Trans Union is a "consumer reporting agency" ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA"). As a CRA, Trans Union maintains files on millions of individuals across the United States. When a consumer disputes information to Trans Union (a request for reinvestigation pursuant to FCRA §1681i), such requests are directed to Trans Union's Consumer Relations offices. In the ordinary course of business, Trans Union keeps records of "consumer relations activities," that includes, among other things: disclosure requests and credit files sent in response; requests for reinvestigations; activities performed by Trans Union in the reinvestigation process (including communications to and from the furnishers of disputed information, among other things); and communications to consumers of the results of reinvestigations.

3.  I have reviewed the consumer relations activities records of the Plaintiff, Troy Cornock, and I am familiar with the content of those records. I understand that Mr. Cornock claims that Trans Union inaccurately reported an MBNA America Account ending in the #2021. (the "MBNA Account").

4.  In December 2005, Trans Union received a dispute letter from Cornock concerning an MBNA account with a number which did not match to any account on his file. Trans Union sent Mr. Cornock a letter informing him that the account he was disputing was not currently on his Trans Union file.

5.  Plaintiff disputed the MBNA Account by letter dated January 12, 2006 (received by Trans Union January 16, 2006) (the "Dispute Letter"). *Exhibit A* hereto. Trans Union reviewed the Dispute Letter and sent MBNA an Automated Consumer Dispute Verification ("ACDV") through the credit industry wide ACDV System. *Exhibit B* hereto (the "ACDV"). The ACDV provided MBNA with Plaintiff's identifying information, the account information identifying the MBNA Account, and described Cornock's dispute as follows:

> Consumer not liable for acct (i.e., ex-spouse, business). If liable, provide complete ID and ECOA Code. Consumer claims true identity fraud; account fraudulently opened. Initiate investigation.
> (*See* Exhibit "B")

6.  MBNA verified that Cornock was responsible for the MBNA Account and confirmed Cornock's name, Social Security number and date of birth; MBNA also verified that the all of the account information was accurate as of the date of the ACDV. *Exhibit B*. The MBNA Account was not deleted at that time.

7.  I am informed that Mr. Cornock alleges the MBNA Account was deleted and then re-reported. I have reviewed Trans Union's records and confirmed that the Account was deleted in January 2008 and has not been re-reported. At no time prior to January 2008 was the MBNA Account deleted and then re-reported to Mr. Cornock's Trans Union file.

8.  Trans Union sent Plaintiff the results of the reinvestigation on February 10, 2006. *Exhibit C*. The reinvestigation results contained a notice to Mr. Cornock that informing him of his right to add a "statement" to his report is the investigation did not resolve his dispute. *Id.*.

9.  Plaintiff submitted no subsequent dispute of the MBNA Account to Trans Union after the Dispute Letter. Mr. Cornock did not submit a consumer statement to Trans Union after the February 6, 2006 communication or at any other time.

10. At the time of the Dispute Letter, Mr. Cornock also sent a letter disputing accounts with Bank of America Mortgage, Macys and Discover Financial as fraudulently opened. (*Exhibit "D"* hererto) The Bank of America Mortgage account was verified under Cornock's name and social security number and remained on his file. The Macy's account was deleted pursuant to Trans Union's procedures because it was an authorized user account. Discover asked that its account be deleted. (See Reinvestigation Results, *Exhibit "C"*)

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Eileen Little
EILEEN LITTLE

DATED: March 9, 2009

3